epartment. January 17, 1906.) In the matter of the application of city of Rochester to quire lands of Lillian C. Davis. No opinion. rder affirmed, with $10 costs and disbursements.

CLANCY, Respondent, v. YONKERS R. CO., ppellant. (Supreme Court, Appellate Division, Second Department. March 2, 1906.) ction by Maria Clancy against the Yonkers ailroad Company. No opinion. Judgment of e City Court of Yonkers modified, by deducting the amount of the extra allowance, and, s so modified, judgment and order unanimously affirmed, without costs. See 84 N. Y. Supp. 39.

CLARK, Respondent, v. LYNCH et al., Appellants. (Supreme Court, Appellate Division, ourth Department. March 28, 1906.) Action y Frederick J. Clark against Michael Lynch nd another. No opinion. Judgment affirmed, ith costs.

CLEARY, Respondent, v. WATERBURY CO., ppellant. (Supreme Court, Appellate Division, Second Department. March 16, 1906.) ction by Edward F. Cleary against the Waterbury Company. No opinion. Judgment of he Municipal Court unanimously affirmed, ith costs.

COE, Respondent, v. GENEVA POWER & LIGHT CO., Appellant, et al. (Supreme Court, Appellate Division, Fourth Department. March 8, 1906.) Action by Frederick R. Coe, an infant, etc., against the Geneva Power & Light Company, impleaded with another.

PER CURIAM. Interlocutory judgment affirmed, with costs, with leave to the defendant to plead over upon payment of the costs of the demurrer and of this appeal.

NASH, J., not voting.

COLES v. INTERURBAN ST. R. CO. (Supreme Court, Appellate Division, First Department. March 16, 1906.) Action by Maria G. Coles against the Interurban Street Railroad Company. No opinion. Motion denied, with $10 costs. Order signed.

CONLEN, Appellant, v. RIZER et al., Respondents. (Supreme Court, Appellate Division, First Department. December 8, 1905.) Action by John H. Conlen against Rosanna Rizer and others. F. S. McGrath, for appellant. S. Levy, for respondent. No opinion. Order affirmed, with $10 costs and disbursements.

CONNELL, Respondent, v. HAYES, Fire Com'r, Appellant. (Supreme Court, Appellate Division, Second Department. March 2, 1906.)

Action by James W. Connell against Nicholas J. Hayes, as fire commissioner, etc. No opinion. Judgment affirmed, with costs.

In re CONNER'S WILL. (Supreme Court, Appellate Division, Second Department. March 2, 1906.) In the matter of the probate of the last will and testament of James Stanley Conner, deceased. No opinion. The surrogate is directed to allow the costs.

CONROY v. ACKEN et al. (Supreme Court, Appellate Division, Second Department. December 29, 1905.) Action by Bridget Conroy, as administratrix, etc., of Michael Conroy, deceased, against Samuel I. Acken and others. No opinion. Judgment reversed, and new trial granted, costs to abide the event, on the ground that the question in whose service the respondent's engineer was engaged at the time of the accident should have been submitted on the proof to the jury.

CROWELL, Respondent, v. ORANGE COUNTY TRACTION CO., Appellant. (Supreme Court, Appellate Division, Second Department. March 16, 1906.) Action by John F. Crowell against the Orange County Traction Company. No opinion. Judgment and order unanimously affirmed, with costs.

CULLIN, Appellant, v. ALVORD, Sheriff, Respondent, et al. (Supreme Court, Appellate Division, Third Department. January 8, 1906.) Action by John K. Cullin against William J. Alvord, as sheriff, etc., impleaded with another. No opinion. Judgment unanimously affirmed, with costs.

CUTTER, Respondent, v. GUDEBROD BROS. CO., Appellant. (Supreme Court, Appellate Division, Second Department. March 22, 1906.) Action by John D. Cutter against the Gudebrod Bros. Company.

PER CURIAM. Judgment entered on the report of the referee affirmed, with costs. Appeal from judgment of April 8, 1899, dismissed.

MILLER, J., votes to modify the judgment entered on the report of the referee by deducting the allowance for interest on the plaintiff's claim, and also the 11.77 per cent. of the selling price for the expense of sale.

DARRIN, Appellant, v. FEDERAL UNION SURETY CO., Respondent. (Supreme Court, Appellate Division, Second Department. March 2, 1906.) Action by Ira G. Darrin against the Federal Union Surety Company. No opinion. Judgment of the Municipal Court affirmed, with costs.

DEEGAN, Appellant, v. SYRACUSE LIGHTING CO., Respondent. (Supreme Court, Appellate Division, Fourth Department. Janu-

ary 10, 1906.) Action by Julia A. Deegan against the Syracuse Lighting Company.

PER CURIAM. Judgment affirmed, with costs.

HISCOCK, J., not sitting.

DEEGAN, Appellant, v. SYRACUSE LIGHTING CO., Respondent. (Supreme Court, Appellate Division, Fourth Department. March 7, 1906.) Action by Julia A. Deegan against the Syracuse Lighting Company. No opinion. Motion for leave to appeal to Court of Appeals granted.

DEERING v. SCHREYER. (Supreme Court, Appellate Division, First Department. January 22, 1906.) Action by James A. Deering against John Schreyer. No opinion. Motion denied, without costs.

DeFORD v. GLEASON et al. (Supreme Court, Appellate Division, Fourth Department. March 21, 1906.) Action by Thomas DeFord against Thomas W. Gleason and others. No opinion. Order affirmed, with $10 costs and disbursements.

DE GROFF, Appellant, v. WALDEN CO., Respondent. (Supreme Court, Appellate Term. March 12, 1906.) Appeal from Municipal Court, Borough of Manhattan, Second District. Action by Arthur H. De Groff against the Walden Company. From a judgment for defendant, plaintiff appeals. Reversed. Bohannon & Honnecker, for appellant. William J. Bolger, for respondent.

PER CURIAM. The judgment in this case was evidently predicated upon a finding that a trade custom existed in New York with reference to a pro rata delivery of peaches, when performance was rendered impossible by reason of the failure of the peach crop. In our opinion there was not sufficient evidence to warrant the court in injecting into the written contract which existed between the parties the custom referred to. It seems to us that upon a new trial the testimony bearing upon the question of damages should be based upon the rule stated in Todd v. Gamble, 148 N. Y. 382, 42 N. E. 982, 52 L. R. A. 225. The judgment should be reversed, and a new trial granted, with costs to the appellant to abide the event.

DEMUTH GLASS MFG. CO., Appellant, v. ROYAL GLASS JAR & BOTTLE CO., Respondent. (Supreme Court, Appellate Division, Second Department. March 22, 1906.) Action by the Demuth Glass Manufacturing Company against the Royal Glass Jar & Bottle Company. No opinion. Judgment of the Municipal Court affirmed, with costs.

DENIKE, Respondent, v. DENIKE, Appellant. (Supreme Court, Appellate Division, Second Department. March 2, 1906.) Action by Abraham Denike against Charles W. Denike. No opinion. Motion to dismiss appeal granted, with costs, unless the appellant pay $10 costs and cause the printed papers on appeal to be served within 10 days. On compliance with these conditions, the motion is denied, without costs.

In re DE PUY. (Supreme Court, Appellate Division, Fourth Department. March 28, 1906.) In the matter of Melissa J. De Puy, an alleged incompetent person. No opinion. Order affirmed, with $10 costs and disbursements.

DESMOND, Respondent, v. NEW YORK & Q. ELECTRIC LIGHT & POWER CO., Appellant. (Supreme Court, Appellate Division, Second Department. March 2, 1906.) Action by Anna Desmond, as administratrix, etc., of Frederick Peplo, deceased, against the New York & Queens Electric Light & Power Company. No opinion. Judgment and order unanimously affirmed, with costs.

DEVINE, Appellant, v. HART, Respondent. (Supreme Court, Appellate Division, Second Department. March 2, 1906.) Action by Josephine Devine against Lemuel M. Hart, individually and as administrator, etc. No opinion. Judgment affirmed, with costs.

DICK, Appellant, v. MARVIN, Respondent. (Supreme Court, Appellate Division, Fourth Department. March 21, 1906.) Action by Andrew J. Dick against Susie Marvin. No opinion. Judgment affirmed, with costs.

DICKERSON, Respondent, v. WAYNE KRATZER & CO., Appellants. (Supreme Court, Appellate Term. February 27, 1906.) Appeal from City Court of New York, Special Term. Action by Edward N. Dickerson against Wayne Kratzer & Co. From a judgment for plaintiff, defendants appeal. Reversed. Henry S. J. Flynn, for appellants. Eugene N. Robinson, for respondent.

SCOTT, P. J. There is absolutely no proof of damage in the case. By the judgment appealed from the plaintiff would still own the automobile, for there is neither allegation nor proof of a sale to defendant, and would recover its full value from defendant. The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event.

GREENBAUM, J., concurs.

GIEGERICH, J. (dissenting). By guarantying that a certain price should be forthcoming to the plaintiff at a certain date, the defendant in effect agreed to become the purchaser of the machine at that price, if he found no one else to take it. By suing for and recovering judgment for the agreed price, the plaintiff has treated the transaction as a sale and the machine now belongs to the defendant.

DILLON, Appellant, v. MANDELBAUM, Respondent. (Supreme Court, Appellate Di-